**AVON DAIRY CO. et al. v. EISAMAN.**
**No. 24297.**

District Court, N. D. Ohio, E. D.

Dec. 20, 1946.

Paul W. Walter, of Cleveland, Ohio, for plaintiffs.

Don C. Miller, U. S. Dist. Atty., and Francis B. Kavanagh, Asst. U. S. Dist. Atty., both of Cleveland, Ohio, for defendant.

JONES, District Judge.

Careful consideration has been given to the questions presented and argued on the defendant's motion to dismiss the amended complaint. As was said at the hearing, Tuesday, December 17th, it is not the intention of the Court to review the proceedings

before my colleague, Judge Wilkin, at hearings held in September, 1946. Suffice it to say that what was decided there and the action taken under the orders entered have no relation to the matters now before me. The precise issue for determination on the motion to dismiss is limited to the question as to whether this Court has jurisdiction to entertain at this stage of the proceedings an application for a preliminary injunction pending the disposition of the complainants' proceedings now pending before the Secretary of Agriculture.

The defendant, the Market Administrator, contends that there is no jurisdiction in this Court to review the action of the Secretary of Agriculture until the Secretary of Agriculture has heard and finally decided the complainants' petition now pending before him under Section 8c(15) (A) and (B) of the Act, Title 7 U.S.C.A. § 608c(15) (A, B).

The complainants urge upon the Court that they have taken all required statutory steps for securing a hearing and decision before the Secretary of Agriculture, including an application to postpone the effective date of Order 75, applicable to the handling of milk in the Cleveland marketing area. This application was denied by the Judicial Officer of the Secretary of Agriculture in a written opinion fully setting forth the reasons for the action taken, and filed October 16, 1946. Thus the complainants assert that having complied with all sections of the Marketing Act and having sought, unsuccessfully, interim relief before the Secretary of Agriculture, they are entitled to injunctive relief against alleged irreparable injury under the equity or statutory power of this Court.

It was thought that a case just decided by the Supreme Court of the United States might furnish some answer or point the way to a decision of this question. The opinion in that case, United States of America, Petitioner, v. Ruzicka et al., 67 S.Ct. 207, 511, has just been received and examined and while there are some enlightening statements therein on the purposes and effect of these considered sections of the Agricultural Marketing Agreement Act, together with the relative powers of

the courts and administrative agencies and orders promulgated under said Act, our question is undecided. The only reference to the question that might have been determined is found at the end of the opinion in this language:

" * * * And so we are not called upon to decide what powers inhere in a court of equity, exercising due judicial discretion, even in a suit such as was here brought by the United States for the enforcement of an order under § 8a. We say this because it appears that at a stage in the proceedings in the district court a motion for a stay, pending disposition of the petition by the Ruzickas before the Secretary of Agriculture, was made by the respondents. With the court's leave, this motion was subsequently withdrawn. The power of the district court to have acted on it is therefore not before us."

The complainants rely upon Section 10 (d) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(d) approved June 11, 1946 and effective three months subsequent to that date. This section is entitled "Interim Relief" and provides that: "Pending judicial review any agency is authorized, where it finds that justice so requires, to postpone the effective date of any action taken by it. Upon such conditions as may be required and to the extent necessary to prevent irreparable injury, every reviewing court (including every court to which a case may be taken on appeal from or upon application for certiorari or other writ to a reviewing court) is authorized to issue all necessary and appropriate process to postpone the effective date of any agency action or to preserve status or rights pending conclusion of the review proceedings."

Complainants, as earlier stated, applied to the Secretary of Agriculture for a stay or postponement of the effective date of Order 75 as applied to them and that application was denied. Thus they contend that all administrative remedies in respect of alleged irreparable injury to them have been exhausted and that this Court, being a potential reviewing court under the statute, has the jurisdiction and power to prevent by injunctive process any present or threatened irreparable injury, upon such

conditions as it may require. I do not so construe that section. The jurisdiction and power in this Court to take such action arise only when the final adverse action of the Secretary of Agriculture is pending here on review, in which event this Court would be authorized to issue all necessary and appropriate process to postpone the effective date of any action of the Secretary of Agriculture or to preserve the status or the rights of the complainants pending conclusion of the review proceedings. This seems to me to be the clear import of the language used, rather than that urged by the complainants. Further support for the position taken, I think, may be found in the language of Section 10(c), in part as follows: Every agency (which would include the administrators of the Agricultural Marketing Agreement Act)—every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review.

■ There being no statute making reviewable the denial of the application for stay before the Secretary of Agriculture, there would seem to be no power here to entertain the matters of the amended complaint or to grant relief from any preliminary, procedural, or intermediate action such as the denial by the Secretary of Agriculture of the complainants' application for stay of October 16, 1946. This may seem harsh and a modern legislative departure from time-honored remedial process in the courts but the Congress apparently has willed it so by design or unintentional omission.

It is said that a failure in one cog results in a threatened breakdown of the collective machinery and such would seem to be the likely result where cooperative or collective schemes and agreements are made a part of the economic enterprise and life of the nation. The individual's right to judicial consideration of threatened irreparable loss is said to be compensated by a promise of no penalties. Thus what normally would be thought to be individual rights are submerged for the common good of all. See United States v. Ruzicka et al., 67 S.Ct. 207, 210.

While the Supreme Court, in United States v. Ruzicka et al., supra, stated that the question of the power of the District Court in equity was not before it and while also it is true the applicable provisions of the Administrative Procedure Act were not effective for the purposes of that case, nevertheless, certain language of the opinion raises interesting speculation on the subject where it says: "Failure by handlers to meet their obligations promptly would threaten the whole scheme. Even temporary defaults by some handlers may work unfairness to others, encourage wider non-compliance, and engender those subtle forces of doubt and distrust which so readily dislocate delicate economic arrangements. To make the vitality of the whole arrangement depend on the contingencies and inevitable delays of litigation, no matter how alertly pursued, is not a result to be attributed to Congress unless support for it is much more manifest than we here find."

And again: "The interests of the entire industry need not be disturbed in order to do justice to an individual case."

And finally: "In construing the enforcement provisions of legislation like the Marketing Act, it is important to remember that courts and administrative agencies are collaborative 'instrumentalities of justice', and not business rivals."

It would ill become a District Court to regard any part of an opinion of the high Court as obiter dictum.

In such situation as is presented here the Congress, not the courts, must be looked to for the remedy and the relief.

The motion to dismiss the amended complaint will be sustained and a decree may be entered accordingly.